**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT COURT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. CODY WINES, | ) | |
| | ) | No. CJ-2023-1585 |
| Plaintiff, | ) | |
| | ) | ***Honorable Jeff Virgin*** |
| vs. | ) | |
| | ) | |
| 1. PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) | No. CIV-2024-125-HE |
| | ) | |
| | ) | ***Honorable*** ____________ |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, Progressive Northern Insurance Company ("Progressive"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure, Local Civil Court Rules 81.1 and 81.2 of the United States District Court for the Western District of Oklahoma and *Shelton v. State Farm Fire and Casualty Company*, 2023 WL 4768706 (W.D. Okla. July 26, 2023), hereby files this Notice of Removal of this case from the District Court of Cleveland County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Progressive states the following:

**Timeliness of Removal**

1. Plaintiff initially commenced this action by filing the Petition in the District Court of Cleveland County on December 27, 2023, which alleges that Plaintiff seeks "[a]ctual damages in an amount less than Seventy-Five Thousand Dollars ($75,000.00)[;]

. . . punitive damages[;] . . . costs, pre-judgment interest and post-judgment interest, and attorney's fees; and . . . other and further relief, as this Court shall deem just and equitable." Pursuant to Judge DeGiusti's Order in *Shelton v. State Farm Fire and Casualty Company*, Progressive cannot demonstrate, and the facts and allegations contained in Plaintiff's Petition do not demonstrate, that "it is 'legally certain'" that Plaintiff's recovery will be less than $75,000.00, comprised of actual damages, punitive damages, interest, costs, attorney's fees and "other and further relief." 2023 WL 4768706, *1 (W.D. Okla. July 26, 2023)[1].

2. Progressive was served via Certified Mail to the Oklahoma Insurance Department on or about January 3, 2024.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and clearly legible copies of all documents filed or served in the Cleveland County case are attached to this Notice of Removal as **Exhibit Nos. "1", "2", "3" and "4"**.

4. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). This removal was affected within 30 days of service of the Petition on Progressive and therefore is timely.

---

[1] "The Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014), that the general 'notice pleading' standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal. '[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold.' *Id.* at 554. This allegation may be overcome by showing 'it is "legally certain" that the [plaintiff's] recovery . . . will be less than' $75,000.00." *Shelton* at *1 (emphasis added).

**Diversity Jurisdiction**

5. At the time the Petition was filed, at the time of removal and at all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6. Progressive is a foreign corporation incorporated in the State of Wisconsin with its principal place of business located in the State of Ohio. Therefore, it is deemed to be citizen of Wisconsin and Ohio for purposes of diversity.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Progressive. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8. Alternatively, jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1333 (Admiralty, maritime and prize cases) as the events giving rise to this action occurred on the waters of Lake Eufaula.

**Allegations and Claims in the Petition**

9. According to Plaintiff's Petition, the underlying lawsuit arises out of alleged damage to water vehicles owned by Plaintiff and insured by Progressive. The damage allegedly occurred on or about July 29, 2023. Plaintiff contends that Progressive wrongfully denied coverage for the loss, thus breaching the contract of insurance and the implied covenant of good faith and fair dealing, "based upon the fact that Plaintiff could not force a third-party to take a recorded statement." Plaintiff also seeks punitive damages and attorney's fees from Progressive.

10. At the time that suit was filed and up to this day, Progressive generally and specifically denies any breach of contract or the implied covenant of good faith and fair

dealing on its part and further is without knowledge as to the extent of the alleged injuries/damages claimed by Plaintiff and therefore denies the same and demands strict proof thereof.

11. Pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure, Progressive will file its Answer and/or other responsive pleading within seven (7) days after the filing of this Notice of Removal, or by Friday, February 9, 2024.

**Amount in Controversy**

12. Progressive and its counsel represent to this Court their good faith belief that the amount in controversy requirement is met for the following reasons:

a. Plaintiff alleges Progressive wrongfully denied coverage for the loss and breached the contract of insurance and the implied covenant of good faith and fair dealing.

b. Plaintiff specifically states in the Petition that he sustained actual damages and seeks punitive damages, costs, interest, attorney's fees and "such other and further relief, as this Court shall deem just and equitable."

c. Plaintiff's Petition asserts that Progressive's conduct was such that they are claimed to be liable for punitive damages.

d. Based on Plaintiff's allegations and prayer for recovery of actual and punitive damages, costs, interest, attorney's fees and other relief, it is not "legally certain" that Plaintiff's recovery will be less than $75,000.00. *See Shelton, supra*.

13. While Progressive disputes Plaintiff's allegations, Progressive and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. K-Mart Corp.*, 50 F.3d 871 (10th Cir. 1995); *see also Schrader v. Farmers Ins. Co.*, 2008 WL 2782710 (W.D. Okla.) (citing *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)).

14. Pursuant to 28 U.S.C. § 1446(a), Progressive acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15. Progressive and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

Progressive contends that removal is proper based upon the face of Plaintiff's Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court Petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salazar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his Petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id*. (citing *DeBry*, 601 F.2d at 486-88).

16. Upon the face of Plaintiff's Petition, it is not "legally certain" that Plaintiff's recovery will be less than $75,000.00. *See Shelton, supra*.

17. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. Progressive and its counsel contend that the facts and reasons set forth above support removal.

18. Pursuant to LCvR 81.1, Progressive demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

19. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Cleveland County, Oklahoma.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone: (405) 236-2600
Fax: (405) 231-0062

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Tim D. Cain, OBA #11779
timcain@swbell.net
Ernest R. Walcher, III, OBA #33633
TrippW@wcalaw.com
**ATTORNEYS FOR DEFENDANT, PROGRESSIVE NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF MAILING

__X__ I hereby certify that on the 2nd day of February, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participant(s) of the ECF System:

Andrew H. Garrett — Andrew@TJGarrettlaw.com
Terry J. Garrett — Terry@TJGarrettlaw.com
**TERRY J. GARRETT & ASSOCIATES, P.C.**
421 E. Comanche, Suite A
Norman, OK 73071
**ATTORNEYS FOR PLAINTIFF**

______ I hereby certify that on the ___ day of February, 2024, I filed the attached document with the Clerk of the Court and served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon, to the following who are not registered participants of the ECF System:

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.
Tim D. Cain
Ernest R. Walcher, III