# IN THE DISTRICT COURT OF CLEVELAND COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| Cody Wines, an individual,<br><br>Plaintiff,<br>v.<br><br>Progressive Northern Insurance Company, a foreign, for-profit corporation,<br><br>Defendant. | Case No. CJ-2023- 1585 |

## PETITION

**COMES NOW**, Cody Wines (hereinafter "Plaintiff" or "Wines"), for his claims against Defendant Progressive Northern Insurance Company (hereinafter "Defendant" or "Progressive") and states as follows:

1. That all material times herein, Plaintiff Wines is a citizen of Cleveland County.
2. Defendant is an Oklahoma Corporation in the State of Oklahoma. Defendant is authorized to issue insurance policies in the State of Oklahoma.
3. That Defendant is the insurance carrier for Wines in place when the events giving rise to this action occurred. The specific policy number is 957333786.
4. Policy Number 957333786 was issued to cover, in part, any damages sustained by the covered water vehicles.
5. Policy number 957333786 covered the water vehicles listed below (hereinafter collectively the "Waverunners"):

    a) 2003 Yamaha FX 140 Cruiser Waverunner, and
    b) 2008 Yamaha VX Cruiser



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

6. On or about July 29, 2023, the Waverunners were damaged when Plaintiff allowed prospective buyers, and at-the-time close friends, to operate the Waverunners.

7. The Waverunners were returned to Plaintiff in a damaged condition that was documented and promptly reported to Defendant.

8. At that time, Plaintiff made a claim with her insurance provider, Defendant Progressive, in which Progressive denied the coverage due to Plaintiff's alleged refusal to help in investigating the claim.

9. To be more specific, Defendant's allegation that Plaintiff refused to help was based upon the fact that Plaintiff could not force a third-party to take a recorded statement. Plaintiff provided all the contact information that they had to Progressive of the third-party but Progressive, ostensibly, wanted Plaintiff to forcibly make this third-party make a recorded statement.

10. Plaintiff executed the insurance agreement in Cleveland County, Oklahoma, therefore venue is appropriate.

11. Defendant breached the subject insurance contract by wrongfully denying Plaintiff's claim.

12. In its handling of Plaintiff's claim, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

    a. Defendant is failing and refusing payment and other policy benefits for the covered damage to the Plaintiff's Waverunners at a time when Defendant knew that it was entitled to those benefits;

    b. Defendant is failing to properly investigate Plaintiff's claim and to obtain additional

information both in connection with the original refusal;

c. Defendant is refusing to honor Plaintiff's claim in part for reasons contrary to the express provisions of the policy and/or Oklahoma law;

d. Defendant is refusing to honor Plaintiff's claim in some instances by applying restrictions not in the policy;

e. Defendant is refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

f. Defendant is failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies to include Plaintiff's claim;

g. Defendant has made no attempt to act in good faith to obtain a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

h. Plaintiff is forced, pursuant to its standard claims practice, to retain counsel to secure benefits Defendant knew or should have known were payable;

i. Defendant failed to properly evaluate any investigation that was performed;

j. Defendant continues to refuse to consider the reasonable expectations of the insured;

k. Defendant is failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

l. It is believed that Defendant hired biased investigators and/or engineers to utilize reports to improperly investigate and consider; and

m. Defendant leaves Plaintiff without a choice other than to hire an attorney to enforce

proper payment of a claim.

13. All of the above are in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to Defendant.
14. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, and other consequential damages.
15. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

**PRAYER**

**WHEREFORE,** premises considered, Cody Wines respectfully requests this Court enter an Order declaring that:

1. Actual damages in an amount **less** than Seventy-Five Thousand Dollars ($75,000.00) in accord with admissible evidence offered at trial;
2. Plaintiff should receive punitive damages in an amount determined by admissible evidence offered at trial;
3. Plaintiff should receive costs, pre-judgment interest and post-judgment interest, and attorney's fees; and
4. Plaintiff have and receive such other and further relief, as this Court shall deem just and equitable.



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

Respectfully submitted,

**TERRY J. GARRETT & ASSOCIATES, P.C.**

By: ______________________________

Andrew H. Garrett, OBA #33389
Terry J. Garrett, OBA #15237
421 E Comanche, Suite A
Norman, Oklahoma 73071
T: 405-329-7644
F: 405-360-5099
Andrew@TJGarrettlaw.com
Terry@TJGarrettlaw.com
Nicole@TJGarrettlaw.com
**ATTORNEYS FOR CODY WINES**

# VERIFICATION

STATE OF OKLAHOMA

COUNTY OF CLEVELAND

Cody Wines, of lawful age, being first duly sworn upon oath, states that:

He is the Petitioner above named. He has read the within and foregoing pleading, knows the contents thereof, and the matters and things therein stated are true and correct to the best of his knowledge and belief.

[signature]
_______________________
Cody Wines

SUBSCRIBED AND SWORN to before me this 20 day of December 2023.

NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA
OFFICIAL SEAL
NICOLE ARCHIE
Commission # 23014665
Expires November 3, 2027

[signature]
_______________________
Notary Public

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED
JAN 23 2024
In the office of the
Court Clerk MARILYN WILLIAMS

| | | |
|---|---|---|
| CODY WINES, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CJ-2023-1585 |
| | ) | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, a foreign, for-profit corporation, | ) | ***Honorable Jeff Virgin*** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PROGRESSIVE NORTHERN INSURANCE COMPANY'S**
**<u>MOTION TO DISMISS PLAINTIFF'S PETITION</u>[1]**

COMES NOW the Defendant, Progressive Northern Insurance Company ("Progressive"), and specially appears for the purpose of submitting this Motion to Dismiss pursuant to 12 O.S. §§ 2008(A)(2) and 2012(B)(6). In support of its Motion, Progressive states as follows:

1. This lawsuit arises out of alleged water vehicle damage that occurred on or about July 29, 2023.

2. Plaintiff filed his Petition on December 27, 2023, naming Progressive as Defendant.

[1] Defendant specifically reserves its right to remove this case should it be determined that it is governed by maritime law. This Motion to Dismiss is properly filed pursuant to 12 O.S. §§ 2008(A)(2) and 2012(B)(6) which are procedural in nature and do not defeat federal jurisdiction.

3. Effective September 10, 2013, the Legislature enacted pleading requirements for civil actions such as the instant case, which was filed against Defendant Progressive on December 27, 2023.

4. 12 O.S. § 2008(A)(2) requires that a pleading containing a prayer for relief in the amount of $75,000.00 or less specify the amount sought. Specifically, Oklahoma's Pleading Code now requires:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, **<u>shall</u>** contain:
>
> . . . .
>
> 2. A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code **<u>or less shall specify the amount of such damages sought to be recovered</u>**. Relief in the alternative or of several different types may be demanded.

(Emphasis added).

5. Plaintiff's prayer for judgment does not state that Plaintiff is seeking an amount of damages in excess of the amount required for diversity jurisdiction and, alternatively, does not specify the amount of damages sought to be recovered. Plaintiff's

December 27, 2023 prayer for relief claims "[a]ctual damages in an amount **less** than Seventy-Five Thousand Dollars ($75,000.00)", punitive damages, "costs, pre-judgment interest and post-judgment interest, and attorney's fees" as well as "such other and further relief as this Court shall deem just and equitable." *See* Plaintiff's Petition at page 4 (emphasis in original). However, the Petition does not contain a specific demand for judgment, as required in this instance by 12 O.S. § 2008(A)(2). Plaintiff's Petition is not in compliance with the Oklahoma Pleading Code, effective September 10, 2013, and, therefore, fails to state a claim upon which relief can be granted and must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Progressive Northern Insurance Company specially appears and pursuant to 12 O.S. §§ 2008(A)(2) and 2012(B)(6) respectfully prays the Court dismiss Plaintiff's December 27, 2023 Petition for failure to comply with the requirements of the Oklahoma Pleading Code.

In the alternative, Defendant has no objection to the Court granting Plaintiff leave to file an amended petition meeting the requirements of the Oklahoma Pleading Code.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone: (405) 236-2600
Fax: (405) 231-0062

Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Tim D. Cain, OBA #11779
timcain@swbell.net
Ernest R. Walcher, III, OBA #33633
TrippW@wcalaw.com
**ATTORNEYS FOR DEFENDANT, PROGRESSIVE NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF MAILING

On this 23rd day of January, 2024, a true and correct copy of the above and foregoing was mailed to the following counsel of record, proper postage prepaid:

Andrew H. Garrett
Terry J. Garrett
Terry J. Garrett & Associates, P.C.
421 E. Comanche, Suite A
Norman, OK 73071
**ATTORNEYS FOR PLAINTIFF**

Joseph T. Acquaviva, Jr.
Tim D. Cain
Ernest R. Walcher, III

STATE OF OKLAHOMA} S.S.
CLEVELAND COUNTY
FILED
FEB 14 2024
In the office of the
Court Clerk MARILYN WILLIAMS

# IN THE DISTRICT COURT OF CLEVELAND COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| Cody Wines, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Progressive Northern Insurance Company, a foreign, for-profit corporation,<br><br>Defendant. | Case No. CJ-2023-1585<br><br>Honorable Jeff Virgin |

## PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AN AMENDED PETITION

**COMES NOW**, Cody Wines (hereinafter "Plaintiff" or "Wines"), for his response to Defendant Progressive Northern Insurance Company's (hereinafter "Defendant" or "Progressive") Motion to Dismiss and states as follows:

1. At the end of Defendant's Motion to Dismiss, they state "In the alternative, Defendant has no objection to the Court granting Plaintiff leave to file an amended petition meeting the requirements of the Oklahoma Pleading Code."
2. If Defendant's counsel had reached out to Plaintiff's counsel about the insufficiency of pleading, they would have cured such insufficiency without the Court's intervention. Defendant's counsel has never reached out to Plaintiff's counsel on this case.
3. Plaintiff has attached a proposed Amended Petition that satisfies the requirements of the Oklahoma Pleading Code, wherein Plaintiff specifies the amount of such damages sought to be recovered. Attached Exhibit "A" – Proposed Amended Petition.
4. Plaintiff would ask that the Court allow leave to file the proposed Amended Petition.



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

## PRAYER

**WHEREFORE,** premises considered, Cody Wines respectfully requests this Court enter an Order declaring that:

1. Plaintiff be allowed leave to file an Amended Petition substantially similar to the one attached as Exhibit A; and
2. The parties carry their own cost in adjudicating this motion.

Respectfully submitted,

**TERRY J. GARRETT & ASSOCIATES, P.C.**

By: ______________________________

Andrew H. Garrett, OBA #33389
Terry J. Garrett, OBA #15237
421 E Comanche, Suite A
Norman, Oklahoma 73071
T: 405-329-7644
F: 405-360-5099
Andrew@TJGarrettlaw.com
Terry@TJGarrettlaw.com
Nicole@TJGarrettlaw.com
**ATTORNEYS FOR CODY WINES**

## CERTIFICATE OF SERVICE/MAILING

This is to certify that a true and correct copy of the foregoing ***Plaintiff's Combined Response to Defendant's Motion to Dismiss and Motion for Leave to File an Amended Petition*** ( ) Mailed via U.S. Mail; **(X)** Certified, with Return Receipt Requested; ( ) Hand Delivered; and/or ( ) Transmitted via Facsimile ( ) Transmitted via Email, the 17th day of November 2023 to the following:

Joseph T. Acquaviva, Jr.
Tim D. Cain
Ernest R. Walcher, III
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73103
**ATTORNEYS FOR DEFENDANT PROGRESSIVE NORTHERN INSURANCE COMPANY**

Andrew H. Garrett | Terry J. Garrett

# Exhibit A

## First Amended Petition

# IN THE DISTRICT COURT OF CLEVELAND COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| Cody Wines, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Progressive Northern Insurance Company, a foreign, for-profit corporation,<br><br>Defendant. | Case No. CJ-2023-1585 |

**FIRST AMENDED PETITION**

**COMES NOW**, Cody Wines (hereinafter "Plaintiff" or "Wines"), for his claims against Defendant Progressive Northern Insurance Company (hereinafter "Defendant" or "Progressive") and states as follows:

1. That all material times herein, Plaintiff Wines is a citizen of Cleveland County.
2. Defendant is an Oklahoma Corporation in the State of Oklahoma. Defendant is authorized to issue insurance policies in the State of Oklahoma.
3. That Defendant is the insurance carrier for Wines in place when the events giving rise to this action occurred. The specific policy number is 957333786.
4. Policy Number 957333786 was issued to cover, in part, any damages sustained by the covered water vehicles.
5. Policy number 957333786 covered the water vehicles listed below (hereinafter collectively the "Waverunners"):

    a) 2003 Yamaha FX 140 Cruiser Waverunner, and
    b) 2008 Yamaha VX Cruiser



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

6. On or about July 29, 2023, the Waverunners were damaged when Plaintiff allowed prospective buyers, and at-the-time close friends, to operate the Waverunners.
7. The Waverunners were returned to Plaintiff in a damaged condition that was documented and promptly reported to Defendant.
8. At that time, Plaintiff made a claim with her insurance provider, Defendant Progressive, in which Progressive denied the coverage due to Plaintiff's alleged refusal to help in investigating the claim.
9. To be more specific, Defendant's allegation that Plaintiff refused to help was based upon the fact that Plaintiff could not force a third-party to take a recorded statement. Plaintiff provided all the contact information that they had to Progressive of the third-party but Progressive, ostensibly, wanted Plaintiff to forcibly make this third-party make a recorded statement.
10. Plaintiff executed the insurance agreement in Cleveland County, Oklahoma, therefore venue is appropriate.
11. Defendant breached the subject insurance contract by wrongfully denying Plaintiff's claim.
12. In its handling of Plaintiff's claim, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:
    a. Defendant is failing and refusing payment and other policy benefits for the covered damage to the Plaintiff's Waverunners at a time when Defendant knew that it was entitled to those benefits;
    b. Defendant is failing to properly investigate Plaintiff's claim and to obtain additional



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

information both in connection with the original refusal;

c. Defendant is refusing to honor Plaintiff's claim in part for reasons contrary to the express provisions of the policy and/or Oklahoma law;

d. Defendant is refusing to honor Plaintiff's claim in some instances by applying restrictions not in the policy;

e. Defendant is refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

f. Defendant is failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies to include Plaintiff's claim;

g. Defendant has made no attempt to act in good faith to obtain a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

h. Plaintiff is forced, pursuant to its standard claims practice, to retain counsel to secure benefits Defendant knew or should have known were payable;

i. Defendant failed to properly evaluate any investigation that was performed;

j. Defendant continues to refuse to consider the reasonable expectations of the insured;

k. Defendant is failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

l. It is believed that Defendant hired biased investigators and/or engineers to utilize reports to improperly investigate and consider; and

m. Defendant leaves Plaintiff without a choice other than to hire an attorney to enforce



*Terry J. Garrett & Associates, P.C. 421 E. Comanche, Suite A, Norman, Oklahoma 73071*
*Telephone: (405) 329-7644 Facsimile: (405) 360-5099*

proper payment of a claim.

13. All of the above are in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to Defendant.

14. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, and other consequential damages.

15. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

16. The damages, at this time, are estimated to be:

    a. 2003 Yamaha FX 140 Cruiser Waverunner
        i. Cost to replace – ~$6,000.00
        ii. Cost to repair – Unknown at this time.
    b. 2008 Yamaha VX Cruiser
        i. Cost to replace – ~$8,000.00
        ii. Cost to repair – Unknown at this time.
    c. Attorney's fees
        i. At this time, less than $10,000.00
    d. Costs and fees
        i. Increase will occur as the different phases of litigation occur (discovery, motion practice, etc).
        ii. At this time, just the cost of filing this lawsuit, which is approximately $250.00.
    e. Punitive damages
        i. To be determined by jury.

17. The total of the above damages, minus punitive damages, is $24,250.00. At this time, Plaintiff requests punitive damages in the amount of $45,000.00 bringing the total amount of damages to $69,250.00.

## PRAYER

**WHEREFORE,** premises considered, Cody Wines respectfully requests this Court enter an Order declaring that:

1. Actual damages in an amount **less** than Seventy-Five Thousand Dollars ($75,000.00) in accord with admissible evidence offered at trial;

2. Plaintiff should receive punitive damages in an amount determined by admissible evidence offered at trial;

3. Plaintiff should receive costs, pre-judgment interest and post-judgment interest, and attorney's fees;

4. At this time, the total of paragraphs 1-3 of Plaintiff's WHEREFORE statement do not exceed $74,999.99; and

4. Plaintiff have and receive such other and further relief, as this Court shall deem just and equitable.

Respectfully submitted,

**TERRY J. GARRETT & ASSOCIATES, P.C.**

By: ______________________

Andrew H. Garrett, OBA #33389
Terry J. Garrett, OBA #15237
421 E Comanche, Suite A
Norman, Oklahoma 73071
T: 405-329-7644
F: 405-360-5099
Andrew@TJGarrettlaw.com
Terry@TJGarrettlaw.com
Nicole@TJGarrettlaw.com
**ATTORNEYS FOR CODY WINES**