**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. CODY WINES,<br><br>Plaintiff,<br><br>vs.<br><br>1. PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>Defendant. | ) | No. 5:24-cv-00125-HE<br><br>***Honorable Joe Heaton*** |

**DEFENDANT PROGRESSIVE NORTHERN INSURANCE COMPANY'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS [DOC. NO. 12]**

COMES NOW the Defendant, Progressive Northern Insurance Company ("Progressive" or "Defendant"), and for its Response and Objection to Plaintiff's Motion to Remand and request for attorney fees and costs [DOC. NO. 12], states as follows:

## INTRODUCTION

Plaintiff's Motion to Remand must be denied. Plaintiff's proposed Amended Petition [DOC. NO. 12-1, pp. 15-19] is worded such that Plaintiff "leaves the window" open to seek punitive damages in an amount sufficient to satisfy the amount in controversy requirement. Specifically, in paragraph 16 of the proposed Amended Petition, Plaintiff sets forth his claimed damages. In so doing, Plaintiff states, "*at this time"* and then provides *estimates* of his compensatory damages. *See* DOC. NO. 12-1, p. 18 at ¶16. As to punitive damages sought, Plaintiff again states "*at this time . . .". See*

DOC. NO. 12-1, p. 18 at ¶17. Given the pleadings and argument before this Court, neither Plaintiff nor Defendant can demonstrate that "it is 'legally certain'" that Plaintiff's recovery will be less than $75,000.00. *See Shelton v. State Farm Fire and Casualty Company*, 2023 WL 4768706, *1 (W.D. Okla. July 26, 2023) (emphasis added).[1] [2] Defendant has satisfied the requirements of diversity jurisdiction in this Court as set forth in *Laughlin v. K-Mart Corp.*, 50 F.3rd 871 (10th Cir. 1995).

## ARGUMENTS AND AUTHORITIES

### I. PLAINTIFF'S PETITION [DOC. NO. 1-2], PROPOSED AMENDED PETITION [DOC. NO. 12-1, PP. 15-19] AND BRIEFING DO NOT ESTABLISH TO A LEGAL CERTAINTY THAT PLAINTIFF'S RECOVERY WILL BE LESS THAN $75,000.01.

Plaintiff's *only* basis for remand is the incorrect claim that Defendant has not established the requisite amount in controversy.

The allegations of a complaint must be made in good faith. *See Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir. 1994); *see also* Fed.R.Civ.P. 11; Okla. Stat. Tit. 12 § 2011. Therefore, the allegations on the face of the Complaint may be sufficient for a determination that the requisite jurisdictional amount in controversy has been met.

---

1 "The Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014), that the general 'notice pleading' standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal. '[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold.' *Id.* at 554. This allegation may be overcome by showing 'it is "legally certain" that the [plaintiff's] recovery . . . will be less than' $75,000.00." *Shelton* at *1 (emphasis added).

2 Plaintiff's Petition [DOC. NO. 1-2] also suffers from its own deficiencies, which are addressed in Defendant's opening brief. *See* DOC. NO. 6.

*Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). Allegations of both actual and punitive damages are to be considered and aggregated in determining whether the amount in controversy requirement has been satisfied. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Watson*, 20 F.3d at 386.

The Tenth Circuit has held that these allegations need not be specific. *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973). In addition, they need not be technical in nature. *Id.* They need only bear a reasonable relationship to the minimum amount in controversy requirement. *Id.*

Plaintiff's Petition [DOC. NO. 1-2] and proposed Amended Petition [DOC. NO. 12-1, pp. 15-19] employ technical terms of art under Okla. Stat. Tit. 23, Section 9.1 in order to trigger all three punitive damage levels under Oklahoma law. *See* Plaintiff's Petition [DOC. NO. 1-2 at ¶15].

As noted by the Tenth Circuit, insurance bad faith cases often involve consequential damages that are quite nominal; the punitive damages, however, can be very significant. *Capstick v. Allstate Insurance Co.*, 998 F.2d 810, 821 (10th Cir. 1993).

Plaintiff's self-serving and unsupported contentions that his counsel would have cured any insufficiency if defense counsel reached out to discuss Plaintiff's allegations and amount in controversy are contradicted by Plaintiff's pleadings. Plaintiff's estimated damages — including punitive damages in an amount "[t]o be determined by jury" (*see* Plaintiff's proposed Amended Petition [DOC. NO. 12-1, p. 18, ¶¶16-17]) — do not

establish that it is "legally certain" Plaintiff seeks recovery in an amount less than $75,000.00, exclusive of interest, costs and attorney fees.

Title 23 O.S. § 9.1(B) authorizes, upon finding of reckless conduct, the jury to award punitive damages in an amount which is the greater of $100,000.00 or actual damages, and 23 O.S. § 9.1(C) authorizes, upon a finding of intentional and malicious conduct, the jury to award punitive damages in an amount which is the greater of either: (a) $500,000.00; (b) twice the amount of actual damages awarded; or (c) the increased financial benefit derived by the insurer as a direct result of the conduct causing the injury to the plaintiffs and to other persons and entities. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) (where both actual and punitive damages are recoverable under a complaint, each must be considered in determining jurisdictional amounts); *Jones v. Farmers Insurance Exchange of Los Angeles*, *CA,* 112 F.Supp. 952 (W.D. Okla. 1953).

Pursuant to the teachings of *Laughlin*, *supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. Progressive and its counsel contend that the following facts support removal:

a. Plaintiff claims he was injured by Progressive's conduct and in his proposed Amended Petition includes claims for alleged damages including "the loss of the policy benefits, [ ] other consequential damages" (*see* DOC. NO. 12-1, p. 18 at ¶14), the cost to replace and/or repair the water vehicles (*Id*. at ¶¶16(a) and (b)), attorney's fees (*Id*. at ¶16(c)) and costs and fees (*Id*. at ¶16(d)).

b. Pursuant to 23 O.S. § 61, Plaintiff is entitled to seek compensatory damages to recover for Progressive's alleged bad faith conduct. Oklahoma Uniform Jury Instruction 2d, No. 22.4, provides that, subject to appropriate proof, a plaintiff is entitled to recover the following elements of damages:

1. Financial losses;
2. Embarrassment and loss of reputation; and
3. Mental pain and suffering.

c. In addition to seeking compensatory damages for Progressive's alleged bad faith conduct, Plaintiff is also claiming entitlement to punitive damages based upon the allegation that "Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages." (*See* DOC. NO. 12-1, p. 18 at ¶15).

The allegations set forth in ¶¶12-16 of Plaintiff's proposed Amended Petition, when read and evaluated in conjunction with the provisions of 23 O.S. § 9.1, demonstrate more than one allegation that Plaintiff is entitled to punitive damages for Defendant's "standard business practice[s]", alleged to have breached the duty of good faith and fair dealing. Plaintiff's conduct demonstrates an actual intent to seek recovery in the form of punitive damages for Progressive's alleged "standard business practice[s]." When such "standard business practice" allegations are read in conjunction with § 9.1(c), any reasonable objective economic analysis would lead to the conclusion that Plaintiff seeks in excess of $75,000.00, exclusive of interest, costs and attorney fees and therefore, the amount in controversy for purposes of removal is in excess of $75,000.00, exclusive of interest, costs and fees. Alternatively, Progressive cannot demonstrate Plaintiff's recovery will not exceed $75,000.00 with any "legal certainty."

## II. PLAINTIFF SHOULD NOT RECOVER ATTORNEY FEES AND COSTS RELATED TO HIS MOTION TO REMAND.

An award of attorney fees when granting a Motion to Remand is discretionary with the court and should turn on the "reasonableness of the removal." *Martin v. Franklin Capital Corp*, 546 U.S. 132 (2005) (*Martin III), aff'g* 393 F.3d 1143 (10th Cir. 2004) (*Martin II)*. An Order remanding a case "may" require payment of attorney fees pursuant to 28 U.S.C. § 1447(c), which the Tenth Circuit has interpreted to mean that awarding fees is left to the "wide discretion" of the district court, subject to review only for abuse of discretion. *Martin III*, 546 U.S. 132 (citing *Martin II,* 393 F.3d 1143, 1146). The "key factor" in deciding whether to award fees under § 1447(c) is "the propriety of defendant's removal." *Martin II* (quoting *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997)). The award of fees is allowed only when such an award is "just". *Martin III* at 139. The Supreme Court reasoned as follows:

> The fact that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion. We have it on good authority that "a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *United States v. Burr*, 25 F.Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C. J.). Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike. *See* Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 758 (1982). For these reasons, we have often limited courts' discretion to award fees despite the absence of express legislative restrictions.
>
> . . . .

> By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious. *See Christiansburg Garment, supra,* at 422, 98 S.Ct. 694 (awarding fees simply because the party did not prevail "could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success"). But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.
>
> . . . .
>
> . . . The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these "'large objectives,'" *Zipes, supra*, at 759, 109 S.Ct. 2732, the standard for awarding fees should turn on the reasonableness of the removal. <u>Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied</u>. *See, e.g., Hornbuckle*, 385 F.3d at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). [Emphasis added.]

*Martin v. Franklin Capital Corp*, 546 U.S. 132, 139-141 (2005).

In the present case, Progressive's removal was objectively reasonable and based on existing law as set forth herein.

Progressive removed this case timely as required by law. Progressive's removal of this case was not intended to delay the litigation or create expense for the parties. Progressive merely exercised its right timely to seek removal of this matter based on its objective belief pursuant to the facts alleged by Plaintiff that jurisdictional limits were met. Attorney fees and costs are not warranted.

Plaintiff seeks recovery of attorney fees/costs if he prevails. It is reasonable to estimate Plaintiff's attorney fees/costs in this case in an amount exceeding $20,000.00. Therefore, including the potential attorney fees award, or the punitive damages potentially allowable under Oklahoma law, there is no "legal certainty" that the amount sought by the Plaintiff does not exceed $75,000.00.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand must be denied.

WHEREFORE, PREMISES CONSIDERED, Progressive Northern Insurance Company respectfully requests that the Court deny Plaintiff's Motion to Remand and request for attorney fees/costs and retain the above-numbered and styled action for further proceedings.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone: (405) 236-2600
Facsimile: (405) 231-0062

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Tim D. Cain, OBA #11779
timcain@swbell.net
Ernest R. Walcher, III, OBA #33633
TrippW@wcalaw.com
**ATTORNEYS FOR DEFENDANT, PROGRESSIVE NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF MAILING

_X__ I hereby certify that on the 15th day of March, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participant(s) of the ECF System:

Andrew H. Garrett Andrew@TJGarrettlaw.com
Terry J. Garrett Terry@TJGarrettlaw.com
**TERRY J. GARRETT & ASSOCIATES, P.C.**
421 E. Comanche, Suite A
Norman, OK 73071
**ATTORNEYS FOR PLAINTIFF**

____ I hereby certify that on the _____ day of March, 2024, I filed the attached document with the Clerk of the Court and served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon, to the following who are not registered participants of the ECF System:

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.
Tim D. Cain
Ernest R. Walcher, III