**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CODY WINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-24-0125-HE |
| | ) | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff filed this case in state court alleging breach of contract and bad faith breach of contract claims against defendant. Defendant removed the action to this court based on diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff has filed a motion to remand to state court conceding that complete diversity exists between the parties but arguing that the amount in controversy does not exceed the jurisdictional requirement of $75,000.00. The motion is fully briefed and at issue. For the reasons stated below, plaintiff's motion must be denied.

As the removing party, it is defendant's burden to establish jurisdictional facts by a preponderance of the evidence. *See* McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008). "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id.* (quotations and citation omitted). In establishing the amount in controversy, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.*

Plaintiff seeks actual damages in an amount less than seventy-five thousand dollars, punitive damages, costs, pre- and post-judgment interest, attorney fees, and such other and further relief as the court deems just and equitable. *See* Petition [Doc. #1-2] at 4. Considering plaintiff's potential actual damages, punitive damages, and attorney fees, the court concludes the Petition "on its face [is] sufficient by itself to support removal", McPhail, 529 F.3d at 957, and defendant has established that the amount in controversy plausibly exceeds the jurisdictional limit of $75,000.00.[1]

Accordingly, plaintiff's Motion to Remand [Doc. #12] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE

[1] *While plaintiff has attached his proposed first amended petition as an exhibit to his motion to remand, the court declines to consider it for purposes of the motion to remand because it has never been filed and was not the operative petition at the time of removal.*