**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. CODY WINES,<br>Plaintiff,<br><br>vs.<br><br>1. PROGRESSIVE NORTHERN INSURANCE COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:24-cv-00125-HE<br><br>***Honorable Joe Heaton*** |

**DEFENDANT PROGRESSIVE NORTHERN INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S PETITION [DOC. NO. 1-2]**

COMES NOW the Defendant, Progressive Northern Insurance Company ("Progressive"), and for its Answer to Plaintiff's Petition filed in the District Court of Cleveland County[1] alleges and states as follows:

1. Progressive specifically denies each and every material allegation contained in Plaintiff's Petition except as to those facts specifically admitted herein or those facts which Progressive lacks sufficient knowledge or information as specifically indicated herein.

2. Paragraph 1 is admitted upon information and belief.

3. With regard to the allegations contained in Paragraph 2, Progressive admits only that it is authorized to issue insurance policies in the State of Oklahoma. The remainder of the paragraph is denied.

---

[1] This Answer is timely filed pursuant to this Court's Order Withdrawing Defendant's Motion to Dismiss [DOC. NO. 14].

4. Paragraph 3 is admitted upon information and belief.

5. With regard to the allegations contained in Paragraph 4, Progressive admits only that its policy was issued to cover claims for damages sustained by covered vehicles subject to the terms, conditions and exclusions contained within the policy, which is attached herein as Ex. 1. Any remaining allegations contained in Paragraph 4 are denied with strict proof thereof demanded.

6. Paragraph 5 is admitted subject to terms, conditions and exclusions contained within the policy. *See* Ex. 1.

7. Progressive is without sufficient information to admit or deny the allegations contained in Paragraph 6 and therefore denies the same with strict proof thereof demanded.

8. Paragraph 7 is admitted upon information and belief.

9. Paragraph 8 is admitted.

10. Paragraph 9 is denied with strict proof thereof demanded.

11. With regard to the allegations contained in Paragraph 10, Progressive admits upon information and belief that the insurance agreement was executed in Cleveland County. Progressive admits only that venue is appropriate in the U.S. District Court for the Western District of Oklahoma. *See* Order Denying Motion to Remand [DOC. NO. 15].

12. Paragraph 11 is denied with strict proof thereof demanded.

13. Paragraph 12, including subparagraphs (a) - (m), is denied with strict proof thereof demanded.

14. Paragraphs 13 and 14 are denied with strict proof thereof demanded.

15. Paragraph 15 is denied with strict proof thereof demanded. Progressive further states that punitive damages are unconstitutional and not warranted in this matter.

16. Plaintiff's Prayer for Relief is denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has not complied with relevant terms and conditions of his policy of insurance with Defendant.

2. Insureds have a duty "'to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so, [they are] estopped from denying knowledge of its terms or conditions.'" *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1283 (N.D. Okla. 2006), *quoting Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 1902 OK 7, 69 P. 936.

3. Progressive denies that Plaintiff is entitled to recover "bad faith" damages in any amount.

4. Progressive denies that Plaintiff is entitled to recover for breach of contract in any amount.

5. Progressive affirmatively denies that Plaintiff is entitled to recover punitive damages in any amount.

6. Progressive denies that it unreasonably delayed or denied payment of the claims submitted by and/or on behalf of the Plaintiff.

7. Progressive denies that it unreasonably refused to pay the claims submitted by and/or on behalf of the Plaintiff.

8. A legitimate dispute exists as to the value of Plaintiff's claims, thus barring any claim by Plaintiff against Defendant for bad faith.

9. Progressive conducted an investigation of Plaintiff's claims in a manner that was reasonable and appropriate under the circumstances consistent with the terms of the policy under which Plaintiff's claims were brought.

10. Any and all actions taken by Progressive's agents, servants and/or employees were done in good faith and in compliance with the applicable law.

11. Progressive's agents, servants and/or employees properly investigated the claims submitted by and/or on behalf of the Plaintiff.

12. Plaintiff may have failed to mitigate his alleged damages.

13. Plaintiff's claims are barred, in whole or in part, by the applicable contractual and statutory limitations.

14. Plaintiff's Petition may fail to state a claim upon which relief may be granted.

15. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, or other like doctrines.

16. Defendant had no dishonest intentions, unconscientious advantage, nor did it take any action that was unreasonable or unfounded while investigating Plaintiff's claims in an attempt to deprive Plaintiff of the benefit of the contract of insurance.

17. The duty to deal fairly and in good faith is a two-way street. Plaintiff has not dealt with Defendant in good faith.

18. Defendant complied with the terms of the subject policy.

19. Plaintiff has no evidence demonstrating that exemplary damages would be allowable in this matter.

20. Plaintiff's alleged bad faith injuries and damages may have been caused, in whole or in part, by the negligence of a third party or parties over whom this Defendant had no control, and for whose acts this Defendant is not responsible.

21. Plaintiff's claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7, of the Oklahoma Constitution.

22. Plaintiff's claim for punitive damages constitutes an unconstitutional excessive fine under Article 2, Section 9, of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

23. Based upon information and belief, a third party or parties may have primary liability coverage that applies to the subject loss.

24. The property damage, of which Plaintiff complains, may constitute preexisting conditions and/or conditions sustained prior to the subject loss, which were neither caused, nor aggravated by Defendant and for which this Defendant is not liable.

25. Plaintiff's rights, duties and obligations are subject, in part, to the terms and conditions of the policy insuring the involved vehicles.

26. "[I]nsurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into policy." *Thurston v. State Farm Mut. Auto. Ins. Co.*, 2020 OK 105, ¶20, 478 P.3d 415, 420-21.

27. Defendant reserves the right to list additional affirmative defenses or assert additional claims as discovery progresses, as additional information becomes known and available and as may be necessary to serve the needs of justice.

WHEREFORE, the Defendant, Progressive Northern Insurance Company, respectfully requests that judgment be entered in its favor, that it be awarded all costs extended in the defense of this matter, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone: (405) 236-2600
Facsimile: (405) 231-0062

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Tim D. Cain, OBA #11779
timcain@swbell.net
Ernest R. Walcher, III, OBA #33633
TrippW@wcalaw.com
**ATTORNEYS FOR DEFENDANT, PROGRESSIVE NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF MAILING

_X__ I hereby certify that on the 26th day of April, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participant(s) of the ECF System:

Andrew H. Garrett Andrew@TJGarrettlaw.com
Terry J. Garrett Terry@TJGarrettlaw.com
**TERRY J. GARRETT & ASSOCIATES, P.C.**
421 E. Comanche, Suite A
Norman, OK 73071
**ATTORNEYS FOR PLAINTIFF**

____ I hereby certify that on the _____ day of April, 2024, I filed the attached document with the Clerk of the Court and served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon, to the following who are not registered participants of the ECF System:

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.
Tim D. Cain
Ernest R. Walcher, III