**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CODY WINES,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:24-cv-00125-HE |

**<u>JOINT STATUS REPORT AND DISCOVERY PLAN</u>**

Date of Conference: June 5, 2024, at 10:00 a.m.


Appearing for Plaintiff: Terry J. Garrett, OBA #15237
Andrew H. Garrett, OBA #33389
Terry J. Garrett & Associates, P.C.
421 E. Comanche Street
Norman, OK 73071
Telephone: (405) 329-7644
Facsimile: (405) 360-5099

Appearing for Defendant: Joseph T. Acquaviva, Jr., OBA #11743
Tim D. Cain, OBA #11779
Ernest R. Walcher, III, OBA #33633
WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone: (405) 236-2600
Facsimile: (405) 231-0062


**Jury Trial Demanded X - Non-Jury Trial □**

1. **<u>BRIEF PRELIMINARY STATEMENT</u>**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff Cody Wines:** Plaintiff claims that their wave-runners were damaged when two friends, husband and wife, were driving them. Plaintiff made a claim to their insurance company, Progressive. Progressive asked that Plaintiff make the drivers at the time available for a statement. At that time, the relationship between Plaintiff and those "friends" that drove and damaged the wave-runners had deteriorated to the point that those "friends" had filed a VPO against Plaintiff. Plaintiff has provided the contact information but cannot directly contact those people to get a statement from them. Progressive denied the claim based upon the policy language that states that Plaintiff must aid in the investigation into any claim, to which Plaintiff has provided the attorney information for the people that damaged the wave-runners and cannot further assist.

Plaintiff makes claims for breach of contract and for bad faith.

**Defendant Progressive Northern Insurance Company:** Progressive issued an insurance policy (policy number 957333786) to Plaintiff Cody Wines on a 2008 Yamaha VX Cruiser water vehicle and a 2003 Yamaha FX 140 Cruiser WaveRunner water vehicle, which included terms and provisions related to Damage To A Watercraft coverage.

On August 8, 2023, Plaintiff made claims for damages to both insured water vehicles. On August 9, 2023, Progressive sent a letter to Plaintiff advising his claims were being investigated under a Reservation of Rights and requesting that Plaintiff provide information for Progressive to further investigate the claims.

During the course of Progressive's investigation, Progressive was informed that the two water vehicles were being driven by "Julia Tomley" and "Grace Tomley", but Plaintiff refused on multiple occasions to provide Progressive any additional contact information or identifying information for the "Tomleys" to allow Progressive to investigate further the facts surrounding the claimed losses.

On October 11, 2023, Progressive sent another letter to Plaintiff advising his claims were being investigated under a Reservation of Rights and requesting that Plaintiff provide information for Progressive to further investigate the claims by October 21, 2023. Progressive received no response. On November 4, 2023, Progressive sent correspondence to Plaintiff denying the claims.

Because Plaintiff prior to suit did not comply with the policy's requirement to cooperate with any investigation, Plaintiff has no viable claim for breach of contract. Plaintiff's claim for bad faith likewise fails, as Plaintiff cannot meet his burden of showing he was denied a benefit to which he was entitled.

Progressive denies Plaintiff's claims as to breach of contract and bad faith. Progressive asserts any and all actions taken by Progressive's agents, servants and/or employees were done in good faith and in compliance with the laws of the State of Oklahoma. Progressive further asserts that at no point in time did it seek to act in any manner which would deprive Plaintiff of any contractual benefit he was entitled to receive. Progressive incorporates the defenses set out in its Answer filed in this matter [Doc. No. 16].

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and there are no objections.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

A. Plaintiff is a resident of the State of Oklahoma.

B. Defendant Progressive is a foreign insurance company licensed to and engaged in the business of insurance in the State of Oklahoma. It is incorporated in the State of Wisconsin with its principal place of business located in the State of Ohio. Therefore, it is deemed to be a citizen of Wisconsin and Ohio for purposes of diversity.

C. Jurisdiction and Venue are proper in this Court.

D. The incident which is the subject of this action occurred in McIntosh County, State of Oklahoma.

E. The wave-runners in question were insured by Policy Number 957333786, issued by Progressive to Plaintiff ("the Policy"), which provides coverage subject to the terms and conditions contained in the Policy.

F. Plaintiff made a claim for the damages made to the wave-runners.

G. Defendant denied the claim as set forth in its correspondence.

## 4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

### **a.** Plaintiff: **Breach of Contract and Bad Faith**

1. That all material times herein, Plaintiff Wines is a citizen of Cleveland County.
2. Defendant is an Oklahoma Corporation in the State of Oklahoma. Defendant is authorized to issue insurance policies in the State of Oklahoma.
3. That Defendant is the insurance carrier for Wines in place when the events giving rise to this action occurred. The specific policy number is 957333786.
4. Policy Number 957333786 was issued to cover, in part, any damages sustained by the covered water vehicles.
5. Policy number 957333786 covered the water vehicles listed below (hereinafter collectively the “Waverunners”):
    a) 2003 Yamaha FX 140 Cruiser Waverunner, and
    b) 2008 Yamaha VX Cruiser
6. On or about July 29, 2023, the Waverunners were damaged when Plaintiff allowed prospective buyers, and at-the-time close friends, to operate the Waverunners.
7. The Waverunners were returned to Plaintiff in a damaged condition that was documented and promptly reported to Defendant.
8. At that time, Plaintiff made a claim with her insurance provider, Defendant Progressive, in which Progressive denied the coverage due to Plaintiff’s alleged refusal to help in investigating the claim.
9. To be more specific, Defendant’s allegation that Plaintiff refused to help was based upon the fact that Plaintiff could not force a third-party to take a recorded statement. Plaintiff provided all the contact information that they had to Progressive of the third-party but

Progressive, ostensibly, wanted Plaintiff to forcibly make this third-party make a recorded statement.

10. Defendant breached the subject insurance contract by wrongfully denying Plaintiff's claim for storm damage to Plaintiff's Property.

11. In its handling of Plaintiff's claim for damages, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing.

12. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, and other consequential damages.

13. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

b. **Defendant:** *See* Defendant's Preliminary Statement, *supra*, for its Contentions. Defendant is making no claims for damages other than potentially attorney fees as prevailing party.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

□ Yes X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The Parties anticipate filing a Joint Motion for Entry of Agreed Protective Order.

**Plaintiff**: Plaintiff anticipates filing a Motion in Limine and/or a Motion for Summary Judgment within the deadlines set by the Court.

**Defendant:** Defendant anticipates filing Motions in Limine, a Motion for Summary Judgment, and possibly a motion to join indispensable party (Samantha Wines) and a motion to bifurcate in compliance with the Court's Scheduling Order.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? □ Yes X No

If "no," by what date will they be made? June 14, 2024

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on May 23, 2024.

B. The parties anticipate that discovery should be completed within 6 months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

Four (4) months from entry of Scheduling Order.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes □ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
The parties anticipate submitting a Joint Motion for Entry of Agreed Protective Order.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

None at this time.

9. **ESTIMATED TRIAL TIME**: 3-4 days

10. **BIFURCATION REQUESTED**: □ Yes X No

11. **POSSIBILITY OF SETTLEMENT**: □ Good X Fair □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion: X Yes □ No

    B. The parties request that this case be referred to the following ADR process:

    □ Court-Ordered Mediation subject to LCvR 16.3
    □ Judicial Settlement Conference
    X Other – The parties request leave to schedule private mediation at the appropriate time.
    □ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? □ Yes X No

14. Type of Scheduling Order Requested. X Standard - □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 28th day of May, 2024.


*s/Andrew H. Garrett*
Terry J. Garrett, OBA #15237
Andrew H. Garrett, OBA #33389
TERRY J. GARRETT & ASSOC., PC
421 E. Comanche, Suite A
Norman, Oklahoma 73071
Telephone: (405) 329-7644
Facsimile: (405) 360-5099
Terry@tjgarrettlaw.com
Andrew@tjgarrettlaw.com

ATTORNEYS FOR PLAINTIFF
CODY WINES

*s/Joseph T. Acquaviva*
Joseph T. Acquaviva, OBA #11743
Tim D. Cain, OBA #11779
Ernest R. Walcher, III, OBA #33633
WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma 73103
Telephone: (405) 236-2600
Facsimile: (405) 231-0062
JTAcqua@wcalaw.com
Timcain@swbell.net
TrippW@wcalaw.com
ATTORNEYS FOR DEFENDANT
PROGRESSIVE NORTHERN
INSURANCE COMPANY